JUDGE SCHEINDLIN



DAVID LOPEZ, ESQ. DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:         631.287.5520
Fax:         631.283.4735
e-Mail:   DavidLopezEsq@aol.com

**09 CV 809**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - against - ) | |
| ) | **COMPLAINT FOR RECOVERY OF** |
| ASYST TECHNOLOGIES INC. and ) | **SHORT-SWING PROFITS** |
| ANTHONY C. BONORA, ) | **UNDER 15 USC 78p(b)** |
| ) | |
| Defendants. ) | **Jury Trial Demanded** |
| ) | |

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.  This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

1

## THE PARTIES:

2. Plaintiff is a security owner of ASYST TECHNOLOGIES INC. ("ASYST"), a California Corporation with principal offices at 46897 Bayside Parkway, Fremont, California 94538.

3. At all times relevant the common stock of ASYST was registered under Section 12(g) of the Act and was and is traded on the NASDAQ market through market makers located within this district.

4. This action is brought in the right and for the benefit of ASYST which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant ANTHONY C. BONORA was an insider of ASYST, to wit: Executive Vice President and Chief Technology Officer and thereby a fiduciary of ASYST.

6. ANTHONY C. BONORA maintains a principal place of business or is found at 46897 Bayside Parkway, Fremont, California 94538.

## STATUTORY REQUISITES:

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. Demand for prosecution was made on ASYST on November 25, 2008. By letter dated December 17, 2008, ASYST, by Elizabeth L. Yingling, retained counsel, has taken the position that the rescission of the offending purchases by ANTHONY C. BONORA following his becoming aware of his liability and with the intent of avoiding that liability, has eliminated any right of recovery of ASYST. As ASYST and ANTHONY C. BONORA are in agreement not to collect sums due from the latter to the former, further delay in the filing of suit would be a futile gesture. The statutory 60 day waiting period has expired.

9. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10. ANTHONY C. BONORA made a voluntary open market purchase of 30,000 shares of the common stock of ASYST at a price of $0.225, more or less, on November 20, 2008, and of an additional 4,200 shares at a price of $0.231, more or less, on November 21, 2008.

11. Such purchases settled and were paid for by ANTHONY C. BONORA in the ordinary course.

12. ANTHONY C. BONORA made a voluntary open-market sale of 30,000 shares of the common stock of ASYST within six months on July 16, 2008, at a price of $4.69 more or less.

13. The aforesaid sale settled and payment was received by ANTHONY C. BONORA in the ordinary course.

14. The foregoing purchases and sale may be matched against one another using the "lowest-in, highest out" method to produce profits recoverable from ANTHONY C. BONORA to the extent of his pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $133,000.

15. Upon being informed of his liability to ASYST for his short-swing profits, ANTHONY C. BONORA, for the sole purpose of attempting to avoid his obligation, caused his broker on or about December 11, 2008, to rescind the purchases of November 20 and 21, 2008.

16. Such rescission for the purpose of avoiding liability is, as a matter of law, ineffectual to extinguish the liability of ANTHONY C. BONORA to ASYST and ASYST, as a matter of law, is without the power to forgive or waive such liability.

17. Such profits are recoverable on behalf of ASYST by Plaintiff as a shareholder of ASYST, the latter having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

18. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or against the discovery of additional trades during the course of this action.

19. ANTHONY C. BONORA, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of ASYST within periods of less than six months of each other while an officer and fiduciary of ASYST.

20. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of ASYST, ANTHONY C. BONORA realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of ASYST.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring ANTHONY C. BONORA to account for and to pay over to ASYST the short-swing profits realized by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c)   Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         January 27, 2009

Yours, etc.

_____
David Lopez, Esq.